## RHODES *v.* PIPER.

PLEADING.—*Complaint.*—*Demurrer.*—Where one of several paragraphs of a complaint is good, a general demurrer to the complaint should be overruled.

TURNPIKE.—*Assessment.*—*County Treasurer.*—*Voluntary Payment.*—*Payment Under Protest.*—The county treasurer, in collecting assessments of benefits on the tax duplicate in favor of a gravel road company (under the act of March 11th, 1867), does not act as the agent of the company, but as a ministerial officer, and is not liable, in an action for money had and received, to the persons assessed, after he has paid to the company, upon the warrant of the county auditor, before the commencement of the suit and before any notice of injunction, the assessments collected, although the assessments may have been paid by said persons under protest and to save their property from seizure.

From the Fayette Circuit Court.

*J. C. McIntosh* and *B. F. Claypool,* for appellant.

*M. E. Forkner, E. H. Bundy, J. M. Wilson,* and *A. M. Sinks,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant, to recover back money paid by the plaintiff to the defendant, who was the treasurer of the county, on an illegal assessment for gravel road purposes.

The complaint alleges, in substance, that the commissioners made the assessment on the lands of the plaintiff with others in favor of a pretended corporation under the name of the Fairview Turnpike Company; that the auditor placed the assessment upon the tax duplicate and placed the same in the hands of the defendant as such treasurer for collection as other taxes of the county are collected; that the plaintiff, protesting that the assessment was illegal and void, and to save his property from being seized and sold by the treasurer to make the assessment, paid the same. Two instalments were paid, for which receipts were given, stating that the payments were made "under protest." These receipts both bear date April 8th, 1869.

The complaint alleges various grounds on which it is alleged that the assessment is void, and avers that in an action in that court, wherein the plaintiff herein and others

were plaintiffs, and the defendant herein and others were defendants, on the 31st of March, 1870, the court held and decided that the assessment was void.

A demurrer to the complaint was filed by the defendant, for want of sufficient facts, and being overruled, exception was taken. This ruling is assigned for error.

There were three paragraphs in the complaint, one being a general one for money had and received; and as this was good, the demurrer was correctly overruled, whether the other special paragraphs were good or otherwise.

The defendant answered:

1. General denial.

2. "That the several claims and demands made by said plaintiff in the several paragraphs of his complaint arise out of one and the same transaction, and are each and all of them for money paid by said plaintiff to said defendant as treasurer of said county of Fayette, Indiana, as taxes regularly assessed against the property of said plaintiff in favor of the Fairview Turnpike Company, which at the time of said assessment was, and has ever since continued to be, an organized and acting gravel road company, under and pursuant to the provisions of an act of the General Assembly of the State of Indiana, entitled ' an act authorizing the construction of plank, macadamized, and gravel roads, approved May 12th, 1852;' that said acting corporation obtained from the board of commissioners of the county of Fayette an order for the assessment of benefits to land within the prescribed limits, resulting from the construction of the gravel road of said company under the provisions of the act of the General Assembly of the State of Indiana, approved March 11th, 1867; that the plaintiff's lands were regularly assessed under said order, and said assessment so made was regularly placed on the tax duplicate of said county and certified by the auditor of said county under the proper mandate to the defendant as treasurer of said county for collection as other taxes of the county; that said collections were made as other taxes of the county, and returned

into the treasury of said county to the credit of said Fair-
view Turnpike Company, and that before the commencement
of this suit, and before notice of any injunction against the
collection of said taxes, said assessments so collected as
aforesaid were regularly paid over to the treasurer of said
company on the proper warrant of the auditor of said county,
and that he has not now, and did not have at the time of the
commencement of this suit, any money so collected as afore-
said in his hands as such treasurer, or otherwise."

On motion of the plaintiff, this paragraph of the answer
was struck out, and the defendant excepted. Such further
proceedings were had as that final judgment was rendered
for the plaintiff.

The striking out of the second paragraph of the answer
is assigned for error. The ground of the motion to strike
it out is stated to be, " because the same is illegal, irrelevant,
is surplusage, and amounts to the general denial.

We are of opinion that the paragraph struck out set up
facts which bar the action, and that the matter could not
have been given in evidence under the general denial. If
we are right in this, it was error to strike it out.

It is argued by the counsel for the appellee that the treas-
urer was the agent of the turnpike company, and that as the
money was not paid voluntarily, but under coercion, to save
the plaintiff's property from seizure, and under protest, the
action lies against the defendant to recover it back, although
before the commencement of the action he paid it over to
the turnpike company.

If the defendant, in collecting the assessment and paying
it over as such treasurer, is to be regarded as the agent of the
turnpike company, the conclusion stated would seem to fol-
low. But we do not regard the treasurer as in any sense the
agent of the turnpike company. As such treasurer, he is a
ministerial officer, and the agent of nobody. His duties are
such as are imposed upon him by law. He has no voice in
making assessments, and no duty to discharge in reference
to them except to collect them when placed upon the tax

duplicate, and make such disposition of the money as the law requires. The tax duplicate, when placed in his hands, is his warrant for the collection of the money. It is his warrant and his protection. He has no right, and much less can he be required to judge, at his peril whether the taxes which he finds upon the duplicate are properly collectible. The law requires these assessments to be placed upon the duplicate by the auditor for collection, and when thus placed there it requires the treasurer to collect them. The treasurer can no more determine the validity of the assessments than can a sheriff the validity of a judgment of a court having jurisdiction upon which an execution is placed in his hands for collection. The fact that the defendant claimed that the assessment was invalid, and notified the treasurer that he would take legal steps to avoid it, and paid it under protest, did not in the least change the duty of the treasurer. It was his duty to proceed with the collection until his action was arrested by some process of a court having competent jurisdiction for that purpose. And when the money was collected, it was his duty to dispose of it in accordance with the law. The act of 1867, so far as we have observed, is silent as to paying the money over to the company for whose benefit the assessments are made. But that it is to be paid to such company is clearly implied. In this case, it is alleged to have been paid upon the warrant of the auditor, which in our opinion was an entirely proper course. The act of 1869 makes express provision for paying over the money to the proper company. 3 Ind. Stat. 543, sec. 19.

The money is alleged to have been paid over on the warrant of the auditor before the defendant had notice of any injunction against the collection of the tax.

Had the defendant been enjoined from paying over the money, a different question would have been presented. But, from the allegations of the complaint and answer, it appears that the money was collected and paid over without restraint by injunction or otherwise, and in strict accordance with the defendant's duty as such treasurer, and there is no

principle of law, as we think, that will now hold him responsible for it.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings not inconsistent with this opinion.